# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT ANTHONY BROWN, ) | | |
| Plaintiff, ) | | |
| vs. ) | No. 15-0172-CV-W-FJG | |
| DEPARTMENT OF VETERANS ) | | |
| AFFAIRS, et al., ) | | |
| Defendants. ) | | |

## ORDER

Pending before the Court are (1) Plaintiff's Response to Show Cause Order (Doc. No. 4); (2) Defendant United States of America's Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Doc. No. 5); and (3) Plaintiff's Motion to Admit or Deny, Request for Summary Judgment (Doc. No. 11).

As an initial matter, plaintiff's response to the show cause order (Doc. No. 4) demonstrates that plaintiff served appropriate documents on defendants in a timely fashion, although plaintiff did not file timely returns of service. Although plaintiff requests "a hearing before the Court to present the Documented Evidence to show why this case should not be dismissed," Doc. No. 4, p. 1, the Court finds that a hearing on its show cause order is unnecessary, and the case will not be dismissed for failure to timely serve process under Fed. R. Civ. P. 4(m).

Additionally, after defendant United States filed its motion to dismiss or for more definite statement (Doc. No. 5), on September 8, 2015, plaintiff filed, without permission of Court, supplemental suggestions in opposition to the motion to dismiss, complaining that the United States did not file reply suggestions to its motion to dismiss, and requesting that the United States admit or deny the substance of plaintiff's allegations under Fed. R. Civ. P. 8(b)(1)(B). (See Supplemental Suggestions, Doc. No. 10). The

United States filed no response to the supplemental suggestions. Now, plaintiff has filed a request for summary judgment, stating that "Since the United States Government has refused to respond to the Plaintiffs [sic] Sep. 8 2015 Rule 8(b)(1)(b) [sic] Motion to Admit or Deny the Allegations against the United States of America the allegations should be deemed admitted and the Court is hereby Requested to grant Immediate Summary Judgement in favor of the Plaintiff."  Doc. No. 11, p. 1.  As noted in defendant's response to the motion for summary judgment, however, the United States is not required to serve an answer to plaintiff's Complaint until after the Court rules upon defendant's motion to dismiss or in the alternative, motion for more definite statement.  See Fed. R. Civ. P. 12(a)(4).  Furthermore, the United States is not required to file reply suggestions to its motion to dismiss.  See Local Rule 7.0(e).  Finally, the Court agrees with the United States that plaintiff has not demonstrated that there is no genuine dispute as to any material fact and that plaintiff is entitled to judgment as a matter of law, as plaintiff must do prior to entry of summary judgment.  See Fed. R. Civ. P. 56(a).  Accordingly, plaintiff's motion for summary judgment (Doc. No. 11) must be **DENIED.**  The Court now turns to defendant's motion to dismiss or for more definite statement (Doc. No. 5).

**I.     Background**

On March 11, 2015, plaintiff filed his pro se complaint against the United States of America, Department of Veterans Affairs, Department of the Treasury, and Social Security Administration.  Plaintiff claims that defendants "Illegally released my Medical Records to U.S. Attorney Christophe Allman viloating [sic] the Privacy Act of 1974 Slandered my name By falsely labeling me a Crack Cocaine Addict and falsifying other parts of my medical records and harassing me."  Doc. No. 1, pp. 1-2.  Plaintiff requests

"to have a fair and unbiased hearing in front of a jury to present my case," and seeks "unspecified for [sic] punitive damages for actual damages back pay from Sept. 10 2001 until present." Id. p. 2. Plaintiff asserts that his claims have been presented administratively: "Sept. 2014 to the K.C.V.A. Privacy Officer Laura Hughes A sham of an investigation was done with no attempt made to seriously resolve the situation. They have still refused [sic] divulge the name of the employee who released my records." Id. p. 3. No further detail was provided in the Complaint.

On August 6, 2015, defendant United States filed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, for more definite statement pursuant to Fed. R. Civ. P. 12(e).

## II. Standard

When ruling on a defendant's motion to dismiss under Rule 12(b)(6), a judge must accept as true all of the factual allegations in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff need not provide specific facts in support of his allegations. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). But the plaintiff "must include sufficient factual information to provide 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." Twombly, 550 U.S. at 555. A complaint must contain either direct or inferential allegations respecting all the

material elements necessary to sustain recovery under some viable legal theory. Id. at 562 (quoted case omitted). The standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the claim. Id. at 556.

Fed. R. Civ. P. 12(e) provides: "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." This Court previously held that:

> A motion for more definite statement is proper when a party is unable to determine the issues that must be met, or where there is a major ambiguity or omission in the complaint that renders it unanswerable. . . . However, because of the availability of extensive discovery and liberal notice pleading, motions for more definite statement are generally denied. . . . Further, motions for more definite statement are designed to strike [at] unintelligibility rather than lack of detail in the complaint. . . . A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint must simply give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. . . . This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define the disputed facts and to dispose of claims lacking merit.

Gehrke v. Pinnacle Health Group, LLC, No. 13-4135-CV-C-FJG, 2013 WL 5890701, at *3-4 (W.D. Mo. Nov. 4, 2013) (citation omitted).

### III.  Analysis

Defendant United States argues that plaintiff's complaint is devoid of facts demonstrating a cause of action under the Privacy Act, 5 U.S.C. § 552a(g)(1). In particular, the United States argues that, with respect to any claim that the government has failed to amend plaintiff's medical records, plaintiff has not provided necessary factual allegations such as when he sought access or amendment to his records, what records he sought to access or amend, and to what agency he submitted such a request. See Lilienthal v. Parks, 574 F.Supp. 14, 18 (E.D. Ark. 1983); 5 U.S.C. §§

552a(g)(1)(A)-(B).  To the extent that plaintiff's Privacy Act claim is for wrongful disclosure of records under 5 U.S.C. § 552a(g)(1)(D), defendant asserts that plaintiff has failed to allege facts supporting the elements of such a claim, which are (1) the information released was covered by the Privacy Act as a "record" contained in a "system of records"; (2) an agency disclosed the information; (3) the disclosure had an adverse effect on the plaintiff; and (4) the disclosure was willful or intentional.  Davis v. Runyon, No. 96-4400, 1998 WL 96558, at *4-5 (6th Cir. Feb. 23, 1998).  Here, although plaintiff alleges generally that medical records were released, plaintiff does not allege what agency disclosed the records, when that disclosure occurred, facts demonstrating a causal connection for how the disclosure adversely affected him, or that the disclosure was willful.

In the alternative, the United States requests that Plaintiff file a more definite statement because the complaint contains major ambiguities and/or omissions that make it unanswerable.

In response, plaintiff provides a fuller explanation of his claims, attaching certain records.  See Doc. No. 8, and exhibits thereto.  In particular, plaintiff argues that the Kansas City VA illegally released his medical records to U.S. Attorney Christopher Allman.  Plaintiff also asserts that attached documents from Laura Hughes, HIMS Manager, Privacy/FOIA Officer, show that the illegal release of his medical records was willful.  Plaintiff has also attached documents indicating that he would like notes in his records corrected.  Doc. No. 8-1, p. 1.

Upon review of the attachments to plaintiff's suggestions in opposition to the motion to dismiss (Doc. No. 8 and exhibits thereto), the Court finds that defendant's

5

motion (Doc. No. 5) should be **GRANTED IN PART** and provisionally **DENIED IN PART**. The Court **GRANTS** defendant's motion for more definite statement, as the original complaint, which lacks factual detail, does not give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. **IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint to comply with the pleading standards set forth in Fed. R. Civ. P. 8, on or before **NOVEMBER 12, 2015.** Plaintiff is cautioned that failure to file an amended complaint on or before November 12, 2015, will lead to dismissal of this action without further notice. The Court **PROVISIONALLY DENIES** defendant's motion to dismiss, subject to plaintiff's filing of an amended complaint in compliance with this Order.

    The Clerk of the Court is directed to send a copy of this Order to plaintiff by regular United States mail and by certified mail, return receipt requested, at the following address: Robert Anthony Brown, 7777 Holmes Rd. Apt. 526, Kansas City, MO 64131.

    **IT IS SO ORDERED.**

/s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
United States District Judge

Dated: October 19, 2015
Kansas City, Missouri